UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRE COGDELL,
    *Petitioner*,

v.

WARDEN, DANBURY-FCI,
    *Respondent*.

No. 3:23-cv-00387 (KAD)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Andre Cogdell, a sentenced prisoner incarcerated at FCI-Danbury, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he claims that a recent reinterpretation of the United States Sentencing Guidelines by the Eleventh Circuit Court of Appeals renders him ineligible for the career offender enhancement in the United States Sentencing Guidelines which was applied to him at sentencing. Cogdell has previously filed two unsuccessful motions to vacate his sentence under 28 U.S.C. § 2255 in the sentencing court. In this petition, he purports to bring a petition under 28 U.S.C. § 2241 by way of the "saving clause" contained in of 28 U.S.C. § 2255(e). As discussed below, the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), forecloses Petitioner's ability to seek relief under § 2241 under the circumstances presented here. Accordingly, the Petition is dismissed for lack of jurisdiction.

**BACKGROUND**

In October 1999, following a four-day trial in the Southern District of Florida, a jury found Cogdell guilty of three charges: Conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and felony possession of a firearm, in

violation of 18 U.S.C. § 922(g). Doc. #1 at 9. Cogdell had previous convictions for aggravated assault, possession of cocaine with intent to distribute, and carrying a concealed firearm. Doc. #14 at 13-15. The offense of conviction, in combination with the prior assault and controlled substance convictions, rendered Cogdell a "career offender" under the then-controlling interpretation of § 4B1.1 of the U.S. Sentencing Guidelines. *Id.* at 15-16. The United States Probation Office's Presentence Investigation Report calculated the corresponding sentencing range as 360 months to life imprisonment. *Id.* at 26. On June 9, 2000, the district judge adopted the Presentence Investigation Report's findings and sentenced Cogdell to 360 months as to Count One; 60 months as to Count Two, to run consecutively; and 120 months as to Count Three, to run concurrently, yielding a total effective sentence of 420 months' imprisonment. Doc. #1 at 9.

The conviction was affirmed on appeal. *United States v. Cogdell*, 31 F. App'x 198 (11th Cir. 2001). Cogdell subsequently filed two motions to vacate his sentence under 28 U.S.C. § 2255 in the Southern District of Florida, both of which were denied. *Cogdell v. United States*, 1:03-cv-20004 (PAS), Doc. #37; *Cogdell v. United States*, 1:17-cv-23171 (PAS), Doc. #5.

On March 28, 2023, Cogdell filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. #1 at 1. He asserts that the Eleventh Circuit's *en banc* ruling in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) invalidates the use of the career offender enhancement at his sentencing. *Id.* at 7. *Dupree* held that conspiracy and other inchoate crimes do not qualify as "controlled substance offense[s]" under § 4B1.1 of the Sentencing Guidelines, overturning that court's prior holding. *Id.* at 1271.[1] Cogdell's offense of conviction which

---

[1] U.S.S.G. § 4B1.1 provides that a defendant is a career offender if, *inter alia*, "the instant offense of conviction is either a crime of violence or a controlled substance offense; and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

triggered the career offender enhancement was for conspiracy to possess with intent to distribute controlled substances, and as a result, Cogdell now argues that he is "actual[ly] innocent" of being a career offender and he seeks a corrected guidelines calculation and "immediate release." Doc. #1 at 12.

## DISCUSSION

Cogdell filed this petition under 28 U.S.C. § 2241. In general, a prisoner may seek relief under § 2241 if he seeks to challenge the *execution* of his sentence, *i.e.*, the manner in which it is being calculated or carried out at a prison facility. By contrast, if the prisoner seeks to challenge the *validity* of his conviction or sentence, the prisoner must instead file a motion for post-conviction relief under 28 U.S.C. § 2255. *See Dhinsa v. Krueger*, 917 F.3d 70, 80-81 (2d Cir. 2019); *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006); *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004).

But Congress has enacted a saving clause to allow a prisoner to file a § 2241 petition seeking § 2255–type relief if "the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). But "[a] petitioner who seeks to establish habeas jurisdiction under this savings clause must make a threshold showing, based on the existing record, that he is innocent of his crime of conviction under a legal theory that was not previously available to him." *Dhinsa*, 917 F.3d at 80. And "[a] petitioner cannot claim that § 2255 is 'inadequate or ineffective' merely because his prior § 2255 motion was denied." *Id.* at 81.

Until recently, the Courts of Appeals were split on whether a prisoner who had already filed an unsuccessful § 2255 motion could seek to take advantage of a favorable change in statutory interpretation through § 2241. *Jones*, 599 U.S. at 471. But the Supreme Court resolved

the conflict in *Jones*, holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.*

The saving clause's limitation on § 2241 petitions is jurisdictional, so the Court must first determine whether "the savings clause can be applied *at all* before proceeding with a full merits review of the petitioner's claims." *Dhinsa*, 917 F.3d at 81.

On this issue, it is clear that Cogdell's petition is precluded by *Jones*. He relies on the Eleventh Circuit's decision in *Dupree*, which held that the definition of a "controlled substance offense" in the career offender Sentencing Guidelines unambiguously excludes inchoate offenses like conspiracy, overruling its own precedent in *United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995). Cogdell seeks to take advantage of this revised statutory interpretation. But "[t]he saving clause does not . . . permit 'an end-run around' the 'two—and only two—conditions in which a second or successive § 2255 motion may proceed' as described in § 2255(h)." *Walton v. Warden*, 2023 WL 5011933, at *1 (2d Cir. 2023). When it comes to challenges to a conviction or sentence, § 2241 relief is preserved for "unusual circumstances [that] make it impossible or impracticable to seek relief in the sentencing court," such as the sentencing court's dissolution. *Jones*, 599 U.S. at 474. Cogdell does not point to any such circumstances, relies exclusively on the change in Eleventh Circuit law under *Dupree*, and so cannot challenge his sentence via § 2241.

Nor can this Court consider Cogdell's claim under § 2255. Petitions for relief under § 2255 are reserved for the sentencing court. 28 U.S.C. § 2255(a). Moreover, since Cogdell has filed two previous habeas petitions, he is required to obtain permission from the Eleventh Circuit to file yet again. *Id.* § 2255(h).

Because Cogdell cannot invoke the saving clause, the petition is dismissed for lack of jurisdiction. Again, if Cogdell wishes to pursue his claims further, then he must file a motion with the United States Court of Appeals for the Eleventh Circuit for leave to file a second or successive motion for § 2255 relief.[2]

## CONCLUSION

For the reasons stated above, the Court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court is directed to close this case.

It is so ordered.

Dated at Bridgeport, Connecticut this 30th day of January 2025.

/s/*Kari A. Dooley*
Kari A. Dooley
United States District Judge

---

[2] Notably, the Supreme Court observed in *Jones,* that "second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. at 469-70.